IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD BEYNON,** | : | CIVIL ACTION NO. 1:13-CV-2550 |
| **Plaintiff** | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **COL. FRANK NOONAN,** *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is defendant's motion (Doc. 12) for judgment on the pleadings. For the reasons that follow, the motion (Doc. 12) will be granted.

**I.   Background[1]**

Plaintiff Donald Beynon ("Beynon") has been a Pennsylvania State Police ("PSP") trooper for over ten years. (Doc. 1 ¶ 4). On July 9, 2012, defendant Sergeant William McAreavy submitted an internal affairs complaint alleging that Beynon engaged in inappropriate off-duty conduct. (Id. ¶ 26). The complaint was assigned the Internal Affairs Division ("IAD") investigation number 2012-0470. (Id.) On August 15, 2012, defendants Corporal James Curto and Sergeant William Tucker interviewed Beynon in connection with IAD 2012-0470. Beynon identified several other witnesses for further investigation during the course of the interview. (Id. ¶ 32). Corporal Curto and Sergeant Tucker advised Beynon that if he wished to make complaints against

---

[1] In accordance with the standard of review for a motion for judgment on the pleadings, the court will present the facts in the light most favorable to the non-moving party. See *infra* Part II.

other individuals, he would have to file separate complaints with the Internal Affairs Division. (Id.)

Beynon subsequently filed a separate internal affairs complaint against Troopers Taylor, Stahl, and Herman. (Id. ¶ 33). The complaint was assigned the Internal Affairs Division ("IAD") investigation number 2012-579. (Id.) Beynon's complaint concerned the Troopers' public intoxication, public urination, and physical altercations with citizens and Beynon himself. (Id. ¶¶ 17-23). He also alleged that the Troopers lied to investigators. (Id. ¶ 33). In the course of the investigation of Trooper Beynon's complaints, Trooper Beynon also became a subject. (Id. ¶ 35).

Following the investigations of IAD 2012-0470 and 2012-579, Trooper Beynon was disciplined. (Id. ¶ 44). Beynon filed two union grievances challenging the findings and sanctions of the internal affairs investigations. (Id. ¶ 47). As a result of these grievances, the sanctions against Beynon were reduced, but not eliminated. (Id.) On April 10, 2013, Beynon was ordered to submit to an independent psychological evaluation. (Id. 46).

Beynon filed the instant action on October 11, 2013 under 42 U.S.C. § 1983, alleging that defendants retaliated against him in violation of his First Amendment constitutional rights, and deprived him of due process and equal protection under the Fourteenth Amendment. (Doc. 1). Beynon also asserts a claim for intentional infliction of emotional distress. (Id.) Defendants filed the instant motion for judgment on the pleadings on December 31, 2013. (Doc. 12). The motion is fully briefed and is ripe for disposition.

2

**II.     Legal Standard**

A motion for judgment on the pleadings is a procedural hybrid of a motion to dismiss and a motion for summary judgment.  Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial.  To succeed on a motion under Rule 12(c), the movant must clearly establish that no material issue of fact remains to be resolved and that "he is entitled to judgment as a matter of law." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).  When deciding a motion for judgment on the pleadings, the court must view "the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  Id.

**III.    Discussion**

42 U.S.C. § 1983 offers private citizens a means to redress violations of federal law committed by state officials.  Section 1983 is not itself a source of substantive rights but instead provides a method for vindicating rights secured through the Constitution or federal statutes.  Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).  In the instant case, Beynon seeks damages for unlawful retaliation pursuant to the First Amendment and the unlawful deprivation of due process and equal protection under the Fourteenth Amendment. (Doc. 1).  Beynon also asserts a claim for intentional infliction of emotional distress. (Id.)

Defendants assert that they are entitled to judgment as a matter of law on Beynon's First Amendment retaliation claim in Count I because Beynon did not

3

engage in any protected activity. Defendants further claim that they are entitled to judgment on Beynon's due process claim in Count II because Beynon was afforded due process through the grievance procedure. For the equal protection claims alleged in Counts III and IV, defendants contend that they are entitled to judgment because class-of-one claims brought by public employees fail as a matter of law. Finally, defendants argue that they are entitled to sovereign immunity on Beynon's intentional infliction of emotional distress claim in Count V. The court will address each claim *seriatim*.

### A.   Count I: Retaliation

In Count I of his complaint, Beynon alleges that defendants retaliated against him for filing the internal affairs complaints and two union grievances by assessing disciplinary sanctions, referring Beynon to the Department's Members' Assistance Program, and ordering Beynon to submit to a psychiatric evaluation. To state a First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in an activity protected under the First Amendment; and (2) that the protected activity was a substantial factor in the retaliatory action. Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006). A public employee engages in protected activity if the employee (1) spoke as a citizen; (2) about a matter of public concern; and (3) the government was not justified in treating the employee differently from members of the general public as a result of the statement. Id. at 241-42. In other words, the court must determine whether the employee was speaking "as a citizen" or whether he was making the statement pursuant to his duties as a public employee. Id.

4

Similarly, under the Petition Clause to the First Amendment, a public employee's union grievances, and other formal complaints filed in routine disputes with the plaintiff's employer, must comprise a matter of public concern to be considered protected activity. Borough of Duryea v. Guarnieri, 131 S. Ct. 2488, 2500-2501 (2011). The forum in which a petition is lodged is relevant in determining whether the complaint is a matter of public concern. Id. Oftentimes, a petition filed pursuant to an internal grievance procedure is not protected if there is no evidence that the employee sought to communicate to the public or to advance a political or social point of view beyond the employment context. Id.

Beynon's internal affairs complaints and union grievances clearly relate to his private employment and not to matters of public concern. Beynon's internal affairs complaints were made pursuant to his duties as a PSP trooper to report perceived misconduct of his fellow officers to his superiors. See Taylor v. Pawlowski, 551 F. App'x 31, at *1-2 (3d Cir. 2013) (concluding that the Trooper did not engage in protected activity because he acted as a public employee in reporting department policies that he perceived to be unlawful). Similarly, Beynon's union grievances related specifically to the disciplinary sanctions lodged against him as an employee. See Sharif v. Manning, Civ. A. No. 13-96, 2013 WL 3754818, at *12 (M.D. Pa. July 11, 2013) (determining that a grievance appealing the imposition of discipline after an IAD complaint did not address a matter of public concern). Moreover, Trooper Beynon did not communicate his complaints or union grievances to the public. Additionally, there is no indication from the record that Beynon sought to advance any political or social

5

goal outside his employment. Accordingly, Beynon did not engage in protected activity and he is unable to state a First Amendment retaliation claim as a matter of law. The court will grant judgment in favor of defendants on Count I.

## B.     Count II: Due Process

In Count II, Beynon alleges that defendants violated his right to procedural due process under the Fourteenth Amendment. To state a claim under § 1983 for violation of his procedural due process rights, Beynon must allege that (1) he was deprived of an individual interest of "life, liberty, or property;" and (2) the procedures available did not provide him with due process of law. Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006). A public employer may discharge its obligation to provide due process by instituting facially adequate post-deprivation procedures, such as grievance procedures provided for in collective bargaining agreements. Dykes v. Se. Pa. Transp. Auth., 68 F.3d 1564, 1571 (3d Cir. 1995).

In his complaint, Beynon does not identify a specific individual interest in his life, liberty, or property that defendants deprived. Assuming that Beynon's claim relates to the disciplinary sanctions lodged against him, defendants provided Beynon with a facially adequate post-deprivation procedure in the form of the union grievance process, which Beynon pursued to his benefit. (Doc. 1 ¶ 47). Beynon's complaint does not contest the adequacy of that grievance process. Thus, defendants are entitled to judgment as a matter of law on Beynon's due process claim.

### C.   Counts III, IV: Equal Protection

In Counts III and IV, Beynon alleges that he was denied his right to equal protection under the Fourteenth Amendment due to selective application of PSP procedures. (Doc. 1 at 16-17). Defendants assert that they are entitled to judgment on these counts as a matter of law because Beynon's claims are based on a class-of-one theory, which—according to Supreme Court precedent—does not apply in the public employment context. See Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 594 (2008); Skrutski v. Maruit, 288 F. App'x 803, 809 (3d Cir. 2008) (holding that the class-of-one theory is "clearly foreclosed" in the public employment context by the Court's holding in Engquist). Beynon concedes that defendants are entitled to judgment as a matter of law on these counts. (See Doc. 17 at 8). Thus, the court will grant judgment in favor of defendants on Counts III and IV.

### D.   Count V: Intentional Infliction of Emotional Distress

Defendants assert that, because defendants are entitled to judgment as a matter of law on Counts I-IV, the court should decline to exercise supplemental jurisdiction over the tort claim in Count V and dismiss it. Moreover, defendants allege that Beynon's claim is barred by sovereign immunity.

The Commonwealth, as well as its officials and employees acting within the scope of their duties, is immune from suit unless the General Assembly specifically waives the immunity. 1 Pa. C.S. § 2310. The General Assembly has only waived sovereign immunity in nine categories of cases. See 42 Pa. C.S. § 8522(b)(1)-(9). None of those categories are at issue in the case *sub judice*. The Commonwealth and its

individual employees, when acting within the scope of their employment, continue to enjoy sovereign immunity for intentional torts.  See Faust v. Commonwealth, Department of Revenue, 592 A.2d 835, 839-40 (Pa. Commw. Ct. 1991); Pickering v. Sacavage, 642 A.2d 555, 560 (Pa. Commw. Ct. 1994).

Beynon's complaint explicitly relates only to actions taken by defendants in the course and scope of their employment.  (See Doc. 1 at ¶¶ 5-14 (alleging that each defendant "acted, directly or indirectly, on behalf of PSP to its employees")).  Thus, defendants are immune from suit for Beynon's intentional infliction of emotional distress claim.  Thus, the court will grant defendants' motion on all counts.

**IV.   Conclusion**

For the above-stated reasons, the court will grant defendants' motion (Doc. 12) for judgment on the pleadings.  An appropriate order follows.


    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      July 16, 2014